**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| IN RE RETINA GROUP OF WASHINGTON DATA SECURITY INCIDENT LITIGATION | Civil Action No. 24-cv-00004-LWW<br><br>Dated: February 18, 2025 |
|---|---|

**ORDER**

Upon consideration of the unopposed motion for preliminary approval of class action settlement, ECF No. 35, the accompanying memorandum in support, the Settlement Agreement filed between Plaintiffs Mary Vandenbroucke, Katherine Traynham, Kwame Dapaah-Siakwan, Jennifer Boehles, Shalane Vance, Sharon Jenkins, Natalia Girard, David Puckett, Desiree McCormick, and Defendant Retina Group of Washington, PLLC ("RGW"), and the papers and proceedings herein, it is this 18th day of February 2025, by the United States District Court for the District of Maryland, **ORDERED** that:

1. Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them in the Settlement Agreement.

**Settlement Class Certification**

2. The Court hereby conditionally certifies, pursuant to Federal Rule of Civil Procedure 23(b)(3), and for the purposes of settlement only, the following Settlement Class consisting of:

   All natural persons who are residents of the United States who are identified on the Settlement Class List whose personal information may have been involved in the Data Incident and who do not timely elect to be excluded from the Settlement Class. Excluded from the Settlement Class are RGW's officers and directors, and any entity in which RGW has a controlling interest; the affiliates, legal representatives, attorneys, successors, heirs,

and assigns of RGW; and members of the judiciary to whom this case is assigned, their families, and members of their staff.

3. For settlement purposes only, the Court finds that the prerequisites to class action treatment under Federal Rule of Civil Procedure 23(a)—including numerosity, commonality and predominance, adequacy, and appropriateness of class treatment of these claims—have been preliminarily satisfied.

   a. The members of the class are too numerous for their joinder to be practicable. There are approximately 450,000 Settlement Class Members.

   b. Questions of law and fact common to the Settlement Class predominate over individualized questions. Issues such as whether Defendant failed to prevent the potential accessibility of Plaintiffs' and Settlement Class Members' personally identifiable information and personal health information; and whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information potentially accessible in the Data Incident; and any laws and regulations will turn on legal or factual questions that apply to each Settlement Class Member.

   c. Plaintiffs are adequate class representatives whose interests in this matter are aligned with those of all other Settlement Class Members. Proposed class counsel have and will continue to adequately represent the Settlement Class for settlement purposes.

   d. A class action is a superior method for the fair and efficient resolution of this matter.

4. The Court further finds, for settlement purposes only, that the requirements of Federal Rule of Civil Procedure 23(b)(3) have been met for the reasons stated in Plaintiffs' motion, in that the questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## Preliminary Approval of Settlement

5. The terms of the Settlement Agreement are preliminarily approved as fair, reasonable, and adequate. There is good cause to find that the Settlement Agreement was negotiated at arm's-length between the Parties, who were represented by experienced counsel.

6. For settlement purposes only, Plaintiffs Mary Vandenbroucke, Katherine Traynham, Kwame Dapaah-Siakwan, Jennifer Boehles, Shalane Vance, Sharon Jenkins, Natalia Girard, David Puckett, and Desiree McCormick are appointed as Settlement Class Representatives.

7. For settlement purposes only, the following counsel are hereby appointed as Settlement Class Counsel:

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
205 West Randolph Street, Ste. 1630
Chicago, IL 60606

Gary M. Klinger
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
227 W. Monroe Street, Suite 2100

Civil Action No. 24-cv-00004-LWW                                                                 Page 4

Chicago, IL 60606

Tyler J. Bean
SIRI & GLIMSTAD LLP
745 Fifth Avenue, Suite 500
New York, NY 10151

## Manner and Form of Notice

8. The Court approves, in form and content, the Postcard and Long-Form Notices attached to the Settlement Agreement as Exhibits C and B, respectively, and finds that they meet the requirements of Federal Rule of Civil Procedure 23(c)(2) and satisfy due process.

9. The Court finds that the planned notice set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23(c)(2) and constitutes the best notice practicable under the circumstances, where Settlement Class Members' identities are contained in Defendant's records and may readily be ascertained, satisfying fully the requirements of due process, and any other applicable law, such that the Settlement Agreement and Final Approval Order will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

10. Verita Global, LLC is hereby appointed Settlement Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

11. The Settlement Administrator may proceed with the distribution of the Notices as set forth in the Settlement Agreement.

12. Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a valid Claim Form in accordance with the instructions provided in the Notices no later than 90 days after the Notice Date. The Court hereby approves as to form and content the Claim Form attached to the Settlement Agreement as Exhibit A.

13. All Claim Forms must be either mailed via U.S. Mail to the address specified in the Claim Form and/or be electronically submitted to the Settlement Administrator via the Settlement Website no later than 90 days after the Notice Date. Settlement Class Members who do not timely submit a Claim Form deemed to be valid in accordance with the Settlement Agreement shall not be entitled to receive any portion of the Settlement Fund.

14. Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including with respect to Released Class Claims as set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously

initiated other litigation or other proceedings against Defendant or the Released Persons relating to the claims released under the terms of the Settlement Agreement.

15. Settlement Class Counsel may file a motion seeking an award of attorneys' fees, costs and expenses, as well as Service Awards for the Settlement Class Representatives, in accordance with the terms of the Settlement Agreement, no later than 45 days following the Notice Date.

**Exclusions from the Settlement Class**

16. Any person within the Settlement Class may request exclusion from the Settlement Class by expressly stating his/her request in a written exclusion request. Such exclusion requests must be received by the Settlement Administrator at the address specified in the Settlement Class Notice in written form, by first class mail, postage prepaid, and postmarked, no later than 60 days after the Notice Date.

17. In order to exercise the right to be excluded, a person within the Settlement Class must timely submit via first class mail a written request for exclusion to the Settlement Administrator (a) stating his or her full name, address, and telephone number; (b) containing the Settlement Class Member's personal and original signature; and (c) stating unequivocally the Settlement Class Member's intent to be excluded from the Settlement Class and from the Settlement. No person within the Settlement Class, or any person acting on behalf of, in concert with, or in participation with that person within the Settlement Class, may request

exclusion from the Settlement Class of any other person within the Settlement Class.

18. Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Approval Order; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

## Objections to the Settlement

19. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees, costs, and expenses that Settlement Class Counsel intends to seek and the payment of the Service Awards to the Settlement Class Representatives, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth below in Paragraph 20 of this Order, with the Clerk of the Court, and served upon Settlement Class Counsel and Defendant's Counsel no later than 60 days after the Notice Date. Addresses for Settlement Class Counsel and Defendant's Counsel are as follows:

<u>Settlement Class Counsel</u>

Ben Barnow
Barnow and Associates, P.C.
205 W. Randolph St., Ste. 1630
Chicago, IL 60606

Civil Action No. 24-cv-00004-LWW                                                                                           Page 8

<u>Defendant's Counsel</u>

David Q. Gacioch
McDermott Will & Emery LLP
200 Clarendon Street, Floor 58,
Boston, MA 02116-5021

20. Any Settlement Class Member who has not requested exclusion and who intends to object to the Settlement must state, in writing, all objections and the basis for any such objections, and must also: (i) include the case name and number; (ii) set forth the Settlement Class Member's full name, current address, and telephone number; (iii) contain the Settlement Class Member's original signature; (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the objections; and (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position. Objections must be filed with the Court and served on Settlement Class Counsel and RGW's Counsel no later than 60 days after the Notice Date. Objections not filed and served in accordance with this Order shall not be received or considered by the Court. Any Settlement Class Member who fails to timely file and serve a written objection in accordance with this Order shall be deemed to have waived, and shall forever be foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of attorneys' fees, costs, and expenses, to the payment of the Service Awards, and to the Final Approval Order and the right to appeal same.

Civil Action No. 24-cv-00004-LWW                                                                 Page 9

21. A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Settlement Class Counsel's fee and expense application and/or the request for the Service Awards to the Settlement Class Representatives are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel. For any Settlement Class Member who files a timely written objection and who indicates his/her intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

22. No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Settlement Agreement are fully satisfied. Any Settlement Class Member who does not make his or her objection to the Settlement in the manner provided herein, or who does not also timely provide copies to Counsel for the Parties at the addresses set forth herein, shall be deemed to have waived any such

objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

### Final Approval Hearing

23. All papers in support of the final approval of the Settlement Shall be filed at least 14 days prior to the Final Approval Hearing.

24. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, or commence any lawsuit (individual action or class action) with respect to the Released Class Claims against any of the Released Persons.

25. A Final Approval Hearing shall be held before the Court at least 110 days from the entry of this Order, in the United States District Court for the District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770 (or at such time and location as the Court may without further notice direct) for the following purposes:

    a. to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rule of Civil Procedure 23 have been met;

    b. to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    c. to determine whether the judgment as provided under the Settlement Agreement should be entered;

Civil Action No. 24-cv-00004-LWW                                                                 Page 11

    d.  to consider the application for an award of attorneys' fees, costs, and expenses to Settlement Class Counsel;

    e.  to consider the application for Service Awards to the Settlement Class Representatives;

    f.  to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

    g.  to rule upon such other matters as the Court may deem appropriate.

26. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

27. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

**Temporary Stay**

28. All discovery, pending motions, and other proceedings in the Litigation as between Plaintiffs and Defendant are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

Civil Action No. 24-cv-00004-LWW                                                               Page 12

**Termination of the Settlement**

29. If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgement is not entered or is reversed or vacated on appeal, the Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

**Upcoming Deadlines**

30. Deadlines set forth above and in the Settlement Agreement are as follows:

    a. Defendant shall provide the Settlement Class List to the Settlement Administrator 14 days after entry of this Order.

    b. The Notice Date shall be 21 days after receipt of the Settlement Class List from Defendant.

    c. The Deadline for Plaintiffs to file a motion for attorneys' fees, costs, expenses, and the Service Awards for Settlement Class Representatives shall be 45 days after the Notice Date.

    d. The Opt-Out and Objection Deadlines shall be 60 days after the Notice Date.

    e. The deadline for Class Members to submit Claim Forms shall be 90 days after the Notice Date.

    f. The deadline for Plaintiffs to file a motion for final approval of class action settlement shall be 14 days prior to the Final Approval Hearing.

Civil Action No. 24-cv-00004-LWW                                                                                           Page 13

      g. The Final Approval Hearing shall be held at least 110 days after the entry of this Order.

**IT IS SO ORDERED.**

                                                  /s/ Lisa W. Wang
                                                         Judge

Dated: February 18, 2025
       Greenbelt, MD