UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE RETINA GROUP OF WASHINGTON DATA SECURITY INCIDENT LITIGATION | No. 8:24-cv-00004-LWW |

**PLAINTIFFS' SUPPLEMENTAL FILING IN SUPPORT OF**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Settlement Class Representatives[1] Mary Vandenbroucke, Katherine Traynham, Kwame Dapaah-Siakwan, Jennifer Boehles, Shalane Vance, Sharon Jenkins, Natalia Girard, David Puckett, and Desiree McCormick submit this supplemental filing in support of their Motion for Final Approval of Class Action Settlement (ECF No. 42) ("Final Approval Motion") to (a) provide an update to the Court regarding the number of opt-outs, objections, and claims submitted to date, and (b) respond to the objection.

  1. **The Settlement Class's Positive Reaction to the Settlement Further Supports Final Approval**

The postmark deadline for Settlement Class Members to file claims was June 23, 2025. *See Supplemental Declaration of Edward Dattilo Re: Notice Procedures* attached hereto as **Exhibit 1** (the "Dattilo Supp. Decl.") ¶ 11. As of June 25, 2025, the Settlement Administrator has received 15,344 timely filed Claim Forms and expects additional timely Claim Forms to arrive over the next few weeks, as the postmark deadline only recently passed. *Id*. This is an increase of 2,412

---

[1] Unless otherwise stated, all capitalized terms used herein shall have the same definitions as those set forth in Section II of the Settlement Agreement, which is attached as Exhibit 1 to the Motion for Preliminary Approval (ECF No. 35-2).

claims since the filing of Plaintiffs' Final Approval Motion and represents a current claim rate of 3.4% of the total 450,000-person Settlement Class.

The 3.4% claims rate achieved here exceeds typical claim rates for consumer class actions, including data breach class actions. *See, e.g.*, *In re Comcast Corp. Set-Top Cable TV Box Antitrust Litig.*, 333 F.R.D. 364, 386 (E.D. Pa. 2019) (finally approving settlement with a 0.58% claim rate); *Carter v. Vivendi Ticketing United States LLC*, No. SACV 22-01981-CJC (DFMx), 2023 U.S. Dist. LEXIS 210744, at *28 (C.D. Cal. Oct. 30, 2023) (holding that a 1.8% claim rate "is in line with claim rates in other data breach class action settlements that courts have approved" and collecting cases); *In re Forefront Data Breach Litig.*, No. 21-cv-887, 2023 U.S. Dist. LEXIS 175848, at *14 (E.D. Wis. Mar. 22, 2023) (stating that a claim rate of 1.47% "is generally in line with the rate experienced in other data breach class actions"). Settlement Class Members have also remained well-informed of the Settlement throughout the Notice process by using the Settlement Website and 24/7 telephone hotline provided by the Settlement Administrator, with a total of 52,933 visits to the Settlement Website and 1,702 calls to the telephone hotline being logged as of June 25, 2025. *See* Dattilo Supp. Decl. ¶¶ 9-10.

The postmark deadline to request exclusion from, or object to, the Settlement was May 27, 2025. Dattilo Supp. Decl. ¶¶ 12, 13. As of this deadline, only 23 of roughly 450,000 Settlement Class Members chose to opt out, and only two have objected, further demonstrating the fairness, reasonableness, and adequacy of the Settlement. *Id*. ¶¶ 12, 13. *See, e.g.*, *Stoetzner v. United States Steel Corp.*, 897 F.2d 115, 118–19 (3d Cir. 1990) (holding that the fact there were 29 objectors out of a class of 281 "strongly favors settlement"); *Lenahan v. Sears, Roebuck & Co.*, No. 02-0045, 2006 U.S. Dist. LEXIS 60307, at *39 (D.N.J. July 10, 2006) (finding that 190 opt-outs and 6 objections in a class of 16,252 weighed in favor of approval); *Katz v. DNC Servs. Corp.*, No. 16-

5800, 2024 U.S. Dist. LEXIS 20629, at *23 (E.D. Pa. Feb. 5, 2024) (discussing favorable reaction of the 820-person settlement class where four persons (0.49%) opted out of the settlement and none objected).

### 2. The Objection Should be Overruled

The sole objection to the Settlement was jointly submitted by two Settlement Class Members, David L. and Allene I. Blanchard (the "Objection" or "Dual Objection").[2,3] The Objection does not provide any basis that would lead to denial of final approval of the Settlement. The Objection first challenges the allegations in Plaintiffs' Consolidated Class Action Complaint that Defendant The Retina Group of Washington, PLLC ("RGW") was negligent in protecting its patients' personally identifiable information ("PII") and personal health information ("PHI"), arguing that RGW adequately protects PII/PHI and that cybercriminals "can break into almost any system." *See* Objection. This is not an objection to the Settlement but rather an objection to Plaintiffs' lawsuit in general. Accordingly, this part of the Objection does not weigh against approval of the Settlement. *See Talwar v. Creative Labs, Inc.*, No. 2:05-cv-03375-FMC-AJWx, 2008 U.S. Dist. LEXIS 58654, at *3 (C.D. Cal. July 29, 2008) (finding an objection that objected to the lawsuit itself rather than the settlement "irrelevant"); *Sheikh v. Tesla, Inc.*, No. 17-cv-02193-BLF, 2018 U.S. Dist. LEXIS 188338, at *16 (N.D. Cal. Nov. 2, 2018) (objection to lawsuit rather than Settlement did not bar final approval). If anything, this argument supports final approval of the Settlement because it attacks the merits of the case and not the benefits provided by the Settlement. Plaintiffs and Settlement Class Counsel obtained valuable benefits for the Settlement

---

[2] A copy of the Dual Objection is attached hereto as **Exhibit 2**.
[3] The Objection was not submitted pursuant to the procedure set forth in the Settlement Agreement, as the objectors only sent the Objection to the Settlement Administrator and did not file it with the Court or send it to Settlement Class Counsel or RGW's Counsel.

3

Class, whose PII/PHI is now in the hands of an unauthorized third party, and the Objection fails to demonstrate why these benefits or the Settlement as a whole are not fair, adequate, or reasonable.

The Objection also makes the unsupported, speculative assertion that the Settlement will drive up medical costs for RGW patients. *See* Objection. As with the argument above, this is an objection to the existence of the lawsuit rather than to the Settlement, and is therefore irrelevant.

The Objection's final argument is that "the payout to any given patient is a pittance and the primary benefit will be to the law firms involved." This is not true. The class action device is designed to allow persons who have relatively small individual damage claims to pool their cases and resources in order to right a wrong they have experienced:

> The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.

*Amchem Prods. v. Windsor*, 521 U.S. 591, 617 (1997) (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)). Settlement Class Counsel obtained a settlement on behalf of the Settlement Class that provides excellent benefits and a large, non-reversionary settlement fund that is superior to many other data breach settlements that have been finally approved. *See* Memorandum in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement, ECF No. 42-1, at 18-19. Plaintiffs' counsel's request for attorneys' fees of one-third of the Settlement Fund is squarely in line with the attorneys' fees awarded in data breach settlements with similar fund sizes. *See*, *e.g.*, *Barletti v. Connexin Software, Inc.*, No. 2:22-cv-04676-JDW, 2024 U.S. Dist. LEXIS 130388, at *3 (E.D. Pa. July 24, 2024) (awarding attorneys' fees of one-third of the $4,000,000 settlement fund in this data breach class action); *In re U.S. Vision Data Breach Litigation*, No. 1:22-cv-06558, ECF No. 89 (D.N.J. Oct. 15, 2024) (awarding attorneys' fees of

one-third of the $3,450,000 fund); *Stoll v. Musculoskeletal Inst.*, No. 8:20-cv-1798-CEH-AAS, 2022 U.S. Dist. LEXIS 206368, at *2 (M.D. Fla. Nov. 14, 2022) (approving attorneys' fees of 33% of the $4,000,000 settlement fund in this data breach class action). Settlement Class Counsel performed a substantial amount of valuable work on behalf of the Class, achieved an excellent result, and have requested only a fraction of the benefit made available to the Settlement Class.

Moreover, the Objection is "tantamount to complaining that the settlement should be better, which is *not a valid objection*." *Browning v. Yahoo! Inc.*, No. C04-01463 HRL, 2007 U.S. Dist. LEXIS 86266, at *17 (N.D. Cal. Nov. 16, 2007) (emphasis added) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)); *see also In re Equifax Customer Data Sec. Breach Litig.*, 2020 U.S. Dist. LEXIS 118209, at *190-91 (N.D. Ga. Mar. 17, 2020) ("Objections that the settlement fund is too small for the class size, or that [the defendant] should be required to pay more, do not take into account the risks and realities of litigation, and are not a basis for rejecting the settlement."); *Schulte v. Fifth Third Bank*, 805 F.Supp.2d 560, 595 (N.D. Ill. 2011) (same).

Any class action settlement—no matter how well negotiated and no matter how generous to the settling class—can be criticized as "inadequate." No settlement is immune from a complaint that "it is not enough" or "it should be better." It is not possible for a settlement of this size and scope to satisfy each and every Class Member. To the extent that Class Members like Mr. and Mrs. Blanchard are unhappy with the relief provided and believe that they are entitled to additional compensation, they were provided an opportunity to simply opt out of the Settlement and pursue claims individually. *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 700 (S.D. Fla. 2014) ("[T]o the extent that these objectors believe that they are entitled to additional relief due to unique cases, they were entitled to opt out of the settlement.").

The Objector's final argument is thus nothing more than a complaint that this settlement amount is not enough. The appropriate course for Mr. and Mrs. Blanchard, however, was to opt out, as arguing a settlement is "not enough" is not a valid basis for an objection. *See, e.g. In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 321 (N.D. Cal. 2018) (overruling twenty-eight (28) objections that claimed "the Settlement is too low or otherwise insufficient"; "the positive response from the Class favors approval of the Settlement."); *Snyder v. Ocwen Loan Servicing, LLC*, No. 14 C 8461, 2019 U.S. Dist. LEXIS 80926, at *30 (N.D. Ill. May 14, 2019) (overruling various objectors because "objectors' reservations about the amount of the settlement could have been resolved by simply opting out of the class and filing separate suit"); *Kolinek v. Walgreen Co.,* 311 F.R.D. 483, 497 (N.D. Ill. 2015) (overruling twenty (20) objections that claimed the settlement was inadequate because "[a] class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.").

Because the Settlement provides valuable benefits to the Settlement Class now as opposed to forcing the Plaintiffs and Settlement Class Members to face the risks of further protracted litigation, Plaintiffs respectfully request that the Court find that the Settlement is fair, reasonable, and adequate and grant Plaintiffs' Final Approval Motion and Motion for an Award of Attorneys' Fees, Costs, Expenses, and Service Awards (ECF No. 38).

Dated: June 30, 2025                              Respectfully submitted,

/s/ Thomas A. Pacheco_____
Thomas A. Pacheco (Bar No. 1712140091)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
900 W Morgan Street
Raleigh, NC 27603
T: (212) 946-9305
tpacheco@milberg.com

Ben Barnow*
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph Street, Suite 1630
Chicago, IL 60606
Tel: (312) 621-2000
Fax: (312) 641-5504
b.barnow@barnowlaw.com

Gary M. Klinger*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (866) 252-0878
Fax: (865) 522-0049
gklinger@milberg.com

Tyler J. Bean*
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Tel: (212) 532-1091
tbean@sirillp.com

*Settlement Class Counsel*

*Admitted pro hac vice

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he filed the foregoing document and its exhibits using the Court's CM/ECF system, which shall provide notice of same to all counsel of record.

Dated: June 30, 2025                                               */s/ Thomas A. Pacheco*_____
                                                                                    Thomas A. Pacheco