```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| IN RE RETINA GROUP OF WASHINGTON DATA SECURITY INCIDENT LITIGATION | :<br>:  Consolidated No. DKC 24-0004<br>: |

**ORDER**

For the reasons stated in the foregoing Memorandum Opinion, it is this 21st day of July, 2025, by the United States District Court for the District of Maryland, ORDERED that:

    1. The motion for attorneys' fees, reimbursement of expenses, and service awards filed by Plaintiffs (ECF No. 38) BE, and the same HEREBY IS, GRANTED in part and DENIED in part;

    2. The Court approves payment of attorneys' fees to Settlement Class Counsel in the amount of $1,080,000 and costs and expenses in the amount of $2,274.22. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement;

    3. The Court approves the Service Awards in the amount of $2,000 each for the Settlement Class Representatives Mary Vandenbroucke, Katherine Traynham, Kwame Dapaah-Siakwan, Jennifer Boehles, Shalane Vance, Sharon Jenkins, Natalia Girard, David Puckett, and Desiree McCormick. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement;

4. The motion for final approval of the class action settlement filed by Plaintiffs (ECF No. 42) BE, and the same HEREBY IS, GRANTED;

5. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court;

6. The Court dismisses the Litigation with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiffs' and all Settlement Class Members' claims against the Released Persons. The Court adjudges that Plaintiffs' Released Claims and the Released Class Claims and all of the claims described in the Settlement Agreement are released against the Released Persons;

7. The Court adjudges that the Plaintiffs and all Settlement Class Members who have not opted out of the Settlement Class shall be deemed to have fully, finally, and forever released, relinquished, and discharged all of Plaintiffs' Released Claims and Released Class Claims against the Released Persons, as set forth in the Settlement Agreement;

8. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of

Plaintiffs' Released Claims and the Released Class Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings related to Plaintiffs' Released Claims or the Released Class Claims maintained by or on behalf of Plaintiffs and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, heirs, beneficiaries, conservators, trustees, executors, administrators, representatives, and assigns of each of the foregoing, as set forth in the Settlement Agreement.  The Released Persons may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

9. The persons listed on Exhibit D, (ECF No. 46-1, at 17), incorporated by this reference, submitted timely and proper requests for exclusion, are excluded from the Settlement Class, and are not bound by the terms of the Settlement Agreement or this Final Order;

10. Plaintiffs and Settlement Class Members who did not validly and timely request exclusion from the Settlement are

3

permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of Plaintiffs' Released Claims or the Released Class Claims or any of the claims described in the Settlement Agreement against the Released Parties;

11. Neither this Final Order and Judgment, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the other Released Persons of any fault, omission, liability, or wrongdoing, or of the validity of any of Plaintiffs' Released Claims or the Released Class Claims as set forth in the Settlement Agreement. This Final Order and Judgment is not a finding of the validity or invalidity of any claims in this Litigation or a determination of any wrongdoing by Defendant or any of the other Released Persons. The Final Approval of the Settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiffs, the Settlement Class Members, or Defendant;

12. Two objections were filed by Settlement Class Members in this matter.  The Court has considered all objections in their entirety and finds the objections do not counsel against Settlement Agreement approval, and the objections are hereby overruled in all respects;

4

13.   The Court appoints Maryland Bar Foundation, Inc. as the Non-Profit Residual Recipient of the Settlement Agreement.  After all payments and distributions are made pursuant to the terms and conditions of the Settlement Agreement, the Settlement Administrator should distribute all residual funds to Maryland Bar Foundation, Inc.;

14.   The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Order and Judgment and do not limit the rights of the Settlement Class Members;

15.   Without affecting the finality of this Final Order and Judgment for purposes of appeal, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

16.   The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the Parties and CLOSE this case.

　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　DEBORAH K. CHASANOW
　　　　　　　　　　　　　　　　　　　United States District Judge